

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Superseded by art 29L VCS*

Honorable Stephen P. Hebert
County Attorney
DeWitt County
Cuero, Texas

Dear Sir:

Opinion No. O-2939
Re: Officers Salary Law - Salary of
county judge of DeWitt County.

Your request for opinion has been received and
carefully considered by this department. We quote from your
request as follows:

"For the last 6 years or more the County
Judge of DeWitt County has received a salary of
$3500.00 per year.

"The population of DeWitt County was shown
under the 1930 Federal Census as being 27,441,
but is shown under the 1940 Census as 24,972.

"Article 3883, R.C.S. Maximum fees:

"Except as otherwise provided in this Act,
the annual fees that may be retained by pro-
cinct, county and district officers mentioned
in this Article shall be as follows:

"1. In counties containing twenty-five
(25,000) thousand or less inhabitants; County
Judge, District or Criminal District Attorney,
Sheriff, County Clerk, County Attorney, District
Clerk, Tax Collector, Tax Assessor, or the
Assessor and Collector of Taxes, Twenty-four
Hundred ($2400.00) Dollars each; Justice of the
Peace and Constable, Twelve Hundred ($1200.00)
Dollars each.

"Article 3912e, R.C.S., Sec. 13, Commission-
ers' Court to fix salaries of certain officers:

"The Commissioners' Court in counties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, to-wit: sheriff, assessor and collector of taxes, county judge, county attorney, including criminal district attorneys and county attorneys who perform the duties of district attorneys, district clerk, county clerk, treasurer, hide and animal inspector. Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935.

"The question raised here is:

"Because of the reduction of DeWitt County's population under the 1940 Census to a figure under 25,000 and because of the apparent conflict between the two above shown articles, would the Commissioners' Court be prevented from setting County Judge's salary for the year 1941 at $3500.00 per year. Our assessed valuation for year 1940 is $13,041,749.00.

"My opinion is that Art. 3883 R.C.S. would not apply in our situation and that under Art. 3912e, Sec. 13, R.C.S. the Commissioners' Court could set the salary of our County Judge at $3500.00 for 1941.

"As soon as it is convenient I will appreciate receiving an opinion on the question submitted."

Article 3912e, Section 13, Vernon's Annotated Civil Statutes, reads in part as follows:

"Sec. 13. The Commissioners' Court in counties

having a population of twenty thousand (20,000)
inhabitants or more, and less than one hundred
and ninety thousand (190,000) inhabitants accord-
ing to the last preceding Federal Census, is
hereby authorized and it shall be its duty to
fix the salaries of all the following named offi-
cers, to-wit: sheriff, assessor and collector of
taxes, county judge, county attorney, including
criminal district attorneys and county attorneys
who perform the duties of district attorneys,
district clerk, county clerk, treasurer, hide
and animal inspector. Each of said officers shall
be paid in money an annual salary in twelve (12)
equal installments of not less than the total
sum earned as compensation by him in his official
capacity for the fiscal year 1935, and not more
than the maximum amount allowed such officer under
laws existing An August 24, 1935; provided that in
counties having a population of twenty thousand
(20,000) and less than thirty-seven thousand
five hundred (37,500) according to the last preced-
ing Federal Census, and having an assessed valua-
tion in excess of Fifteen Million ($15,000,000.00)
Dollars, according to the last approved preceding
tax roll of such county the maximum amount allowed
such officers as salaries may be increased one
(1%) per cent for each One Million ($1,000,000.00)
Dollars valuation or fractional part thereof, in
excess of said Fifteen Million ($15,000,000.00)
Dollars valuation over and above the maximum amount
allowed such officers under laws existing on August
24, 1935;....."

Article 3891, Vernon's Annotated Texas Civil Statutes,
reads in part as follows:

"Each officer named in this Chapter shall
first out of the current fees of his office pay or
be paid the amount allowed him under the provisions
of Article 3883, together with the salaries of his
assistants and deputies, and authorized expenses
under Article 3899, and the amount necessary to
cover costs of premium on whatever surety bond may
be required by law. If the current fees of such
office collected in any year be more than the

amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

"....

"In counties containing as many as twenty-five thousand and one (25,001) and not more than thirty-seven thousand, five hundred (37,500) inhabitants, district and county officers named herein shall retain one-third of such excess fees until such one-third, together with the amount specified in Article 3883, amounts to Thirty-five Hundred Dollars ($3500). Precinct officers shall retain one-third until such one-third, together with the amount specified in Article 3883, amounts to Eighteen Hundred Dollars ($1800)....."

We quote from the recent case of Nacogdoches County vs. Winder (Beaumont Court of Civil Appeals) 140 SW (2d) 972, (writ refused) as follows:

"The following facts are without dispute: Appellee, Winder, was the duly elected, qualified and acting County Clerk of Nacogdoches County during the years 1937 and 1938. Nacogdoches County was under the salary act law, Article 3912e, section 13, Vernon's Ann. Civil Statutes, and Article 3891, R.C.S., Vernon's Ann. Civ. St. art. 3891. Under these statutes, the salary of the County Clerk of Nacogdoches County was governed by the minimum of salary earned in 1935, and a maximum salary of $3,500. The County Clerk of Nacogdoches County in 1935 earned as compensation of his office the sum of $3,286.16. On January 13, 1936, at a regular session of the Commissioners' Court, an order was entered by said court fixing appellee's salary at $3,286.16 the amount earned as salary by the county judge of said county in 1935. Later in said month, January 31st, at a called session of said court, his salary was fixed at $3,350 per year. On January 11, 1937, the commissioners' court in regular session fixed his salary at $3,000, for that year, and on

January 10, 1938, said court fixed his salary
at $3,000 for said year. This was $286.16 less
than the minimum salary for 1935, and $350 less
than the salary as fixed by the order of January
31, 1936. Appellee prayed judgment for $572.32,
the difference between the $3,000 per year for
1937 and 1938, and the minimum of $3,286.16 as
fixed by the order of January 13, 1936, or in
the alternative, for judgment for $700 if the
order of January 31, 1936, passed at the called
session be found proper. The judgment was for
$572.32.

"We think the order fixing appellee's salary
made at the regular term on January 13, 1936,
was in accordance with the law, and that the
amount then fixed as the annual salary of appellee,
$3,286.16, under the facts and the law was proper,
and is controlling here. Article 3912e, section
13, Vernon's Ann. Civ. St. fixes the salary of
County Clerks in the class of counties in which
Nacogdoches fell, at not less than the total sum
earned by him in his official capacity for the
fiscal year 1935 and not more than the maximum
amount allowed such officer under laws existing
on August 24, 1935. The legislature having pre-
scribed the minimum amount of salary (the offi-
cial earnings in 1935) and that being shown to
have been $3,286.16, the commissioners' court did
not have the authority to ignore this statutory
provision of minimum salary and fix the salary at
$3,000. The provisions of the statute authorizing
the commissioners' court to fix the salary at any
sum not less than a certain minimum, and not more
than a certain maximum, are mandatory, and could
not be ignored by the members of the court at
their discretion. The order fixing appellee's sal-
ary at $3,000 was without authority, and so void."

Opinion No. O-2582 of this department dealt with a
situation relative to the salaries of the officers of Travis
County, Texas, where the population of that county had increas-
ed from 77,777 inhabitants in 1930 to 110,686 inhabitants ac-
cording to the 1940 census. This opinion holds that the change

in the population of Travis County, as shown by the Federal Census of 1940, has no effect whatever upon the salaries of the district and county officers named in Article 3912e, Section 13, V.A.C.S. and that the maximum salary to be allowed such officer was the maximum allowed the officer by laws existing August 24, 1935, to-wit, $4,750.00. We enclose herewith a copy of said opinion.

Opinion No. O-2560 of this department holds that the commissioners' court of Limestone County, Texas, should fix the salaries of the officials of said county named in Article 3912e, Sec. 13, V.A.C.S., for the year 1941; that the minimum salary of each such officer cannot be less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935 and that the maximum salary of each above mentioned officers could be the maximum amount allowed him under laws existing August 24, 1935, plus one per cent for each one million dollars valuation or fractional part thereof in excess of fifteen million dollars. This opinion dealt with a situation where there was a decrease in population. We enclose herewith a copy of said opinion.

On August 24, 1935, the population of DeWitt County, Texas, according to the then last preceding Federal Census of 1930 was 27,441 inhabitants, and at that time, to-wit, August 24, 1935, the maximum amount allowed the county judge of DeWitt County, Texas, under Articles 3883 and 3891, Vernon's Annotated Texas Civil Statutes, was the sum of $3,500.00.

In view of the foregoing authorities, you are respectfully advised as follows:

1. The maximum amount at which the commissioners' court may set the salary of the county judge of DeWitt County, Texas, is $3500.00.

2. The commissioners' court has no authority to set the salary of the county judge of DeWitt County, Texas

Honorable Stephen P. Nebert, Page 7

at any sum less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935. (However, this sum cannot exceed $3500.00).

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:AW

ENCLOSURE

APPROVED DEC 11, 1940

ATTORNEY GENERAL OF TEXAS

